# UNITED STATES DISTRICT COURT

For The

District of

Maryland

RANDALL MARTIN      ✳

       Plaintiff

v.

BALTIMORE COUNTY POLICE
Department et al..

     Defendant(s)

✳    Division
     U.S. Courthouse
✳    101 W. Lombard Street
     Baltimore, MD 21201
✳

✳      Case No.: D-08-CV-22-031387

✳  ✳  ✳  ✳  ✳  ✳  ✳  ✳  ✳  ✳

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

I.  The Parties of This Complaint

     A.  The Plaintiff

         Randall Martin
         DOC #410989, SID #0286040
         Roxbury Correctional Institution
         18701 Roxbury Road
         Hagerstown, MD 21746

     B.  The Defendant(s)

         Thomas Thayer
         Police Officer
         I.D. #4588
         Baltimore County Police Department
         215 Milford Mill Road
         Pikesville, MD 21208

H. Elbert
Detective
I.D. #
Baltimore County Police Department
215 Milford Mill Road
Pikesville, MD 21208

**Landsman**
**Police Officer**
**I.D. #**
**Baltimore County Police Department**
**215 Milford Mill Road**
**Pikesville, MD 21208**

II.    Basis for Jurisdiction

A.    Under 42 U.S.C. § 1983, Plaintiff is bringing suit against
State or local officials for the "deprivation of rights,
privileges, and immunities secured by the Constitution and
[federal laws]."

B.    The federal constitution (or statutory right(s) Plaintiff is
claiming were violated by State or local officials hereto:

First Claim

     ° First Amendment Violation: Retaliation for the Exercise of
Free Speech - Defendants violated the Plaintiff rights under the
the First Amendment to the United States Constitution by retaliating
against him for his way of verbally communication with the officers
when ask to exit his home (with no explanation) on the early morning
of June 29th 2010.

Second Claim

     ° Second Amendment Violation: Rights to Bear Arms
Defendants violated the Plaintiff rights under the Second Amendment
to the United States Constitution by illegally confiscating Plaintiff
licensed firearms and related items from his residence. Plaintiff
loss access to local gun ranges and rights infringed upon for being
able to provide future protection for his family.

-2-

Third Claim

&deg; Fourth Amendment Violation: Deprivation of the Search and Seizure Law - Defendants violated the Plaintiff rights under the Fourth Amendment to the United States Constitution by returning to Plaintiff's residence without a warrant being issued by a Judge and unlawfully removing his property.

Fourth Claim

&deg; Fourteenth Amendment Violation: Deprivation of Due Process of Law - Defendants violated the Plaintiff rights under the Fourteenth Amendment to the United States Constitution by the Baltimore County Police Department denying the Plaintiff rights, privileges, and immunities guaranteed by the United States, without first making certain that Plaintiff "due process of law" had been carried out. Plaintiff's "equal protection of the law" was violated and believed due to race.

C.   Section 1983 allows defendants to be found liable only when they have acted "under color of any status, ordinance, regulation, custom, or usage, of any State or Territory. 42 U.S.C. § 1983. Defendants acted under color of state or local law due to being employed by the Baltimore County Police Department (BCOPD). Defendants Thomas Thayer, H. Elbert and Landsman were working for the county government during the time of criminally violating the law.

III.   Plaintiff Status

Plaintiff (Randall Martin) is currently under the custody of Warden, Bivens of Roxbury Correctional Institution at 18701 Roxbury Road, Hagerstown, MD 21746. Convicted and sentenced as a state prisoner on February 1, 2013.

IV.    Statement of Claim

On June 29, 2010 at 4:00am BCOPD was responding to the
Baltimore City Police (BCP) request to1) go out to Plaintiff's resid-
ence at 3616 Bellmore Road, Windsor Mill, MD (Baltimore County) and
2) to question about a fire that apparently happen in Baltimore city.
Baltimore County Police officer, Bing telephone into the home of
Plaintiff and without explanation requested for Plaintiff to exit the
home for questioning.  Several calls were made to 911 by Plaintiff
for verification.  After receiving confirmation that in fact there
were Baltimore Co. Police Officers outside the home.  Plaintiff told
the 911 operator that he was giving consent for the officers to enter
his home.Call.ended.  [Note: No police vehicles were located outside
or near the home].  Repeated calls were made by an officer for Plaintiff
to exit his home.  Mr. Martin then stated, "If you are not going to
come inside, then I'll see you around 7:30am when I'm off to work".

Hours later, Martin was taken into custodybefore having his
vehicles and home "swept/searched by BCOP officers, their agents,
subordinates, or employees.  While Martin was being detained at BCOPD,
officer Thayer, Elbert and Landsman in a rogue act, returned to the
resident without a warrant being issued by a Judge, placing the home
in disarray, in searching and seizing items at will.  There was "NO
CONSENT" on record indicating that permission was given to search or
seize any firearms and related items of the Plaintiff.

Todate, the officer's contend that the seize property was taken
for "safekeeping".  In fact, the property was safely kept inside the
residence, upstairs inside the locked Master bedroom, inside a mirrored
closet, behind a dozen or more men suits, behind a file cabinet and
inside several duffle bags labeled "NIKE".

-4-

Case No.: D-08-CV-22-031387

V.    Injuries

The psychological stress and injuries obtained were insuperable on all levels following the arrest that was widely publicized with BCOPD falsified statement(s) that Plaintiff was arrested for domestic violence and that firearms were recovered from his residence.  Plaintiff had to step down as CEO for Lifeline, Inc., Lifeline of Virginia, Inc., Lifeline of MD/VA, Inc. and beginning the startup for Lifeline in Pennsylvania, Florida and Ohio had to immediately halt operations.  Operating a Medical Fragile Program (MFP) for children and adults in the State of Maryland is an extreme State Department violation for an individual with criminal charges of child abuse or domestic violence.  The psychological stress continued with funds being withdrawn and/or cancelled, particularly from the fifteen million ($15,000,000.00) dollar RFP that was awarded to Lifeline, Inc. from the Department of Human Services (DHS) of of Baltimore in March of 2010.  Shortly after being convicted and sentenced, the injuries continued with the loss of eight (8) investment properties.  The loss of hair, weight appetite and complexion contributed from the stress and continues todate.  Being incarcerated has its limitations on support being given.

VI.   Relief

WHEREFORE, the Plaintiff prays for consideration to be given for the following relief:

a.    Declare that the acts and omissions of the Defendants violate
      Plaintiff's constitutional rights and federal law;

b.    Enter an injunction requiring the Defendants, their agents,
      subordinates, employees and all others acting in concert with
      them to cease their unconstitutional and unlawful practices
      and to remedy their violations of the Constitution and the laws;

c.    Award to the Plaintiff in the estimate amount for the firearms
      that were illegally confiscated and destroyed for six thousand
      nine hundred and seventy one ($6,971.00) dollars;

d.    Award to the Plaintiff, compensatory damages for wages
      Plaintiff lost and for "pain and suffering" in the amount
      of Eighty Five Thousand ($85,000.00) dollars;

e.    Award to the Plaintiff punitive damages for the Defendants
      actions that were "motivated by evil motive or intent" and
      involved "reckless and callous indifference to Plaintiff's
      right's", in the amount of Twelve Million Five Hundred Forty
      Thousand ($12,540,000.00) Dollars;

f.    Award to the plaintiff reasonable cost for time spent during
      the past 10 years corresponding and legal preparation with
      the judicial systemfor information and records; and

g.    Grant the Plaintiff such other relief as the Court may deem
      just and proper.

RESPECTFULLY Submitted,

Randall Martin

## STATEMENT OF INDIGENCY

I Plaintiff, (Randall Martin), proceeding pro se, in the fore-
going Complaint For Violation of Civil Rights, HEREBY CERTIFY, that
I currently have about twelve hundred dollars in my inmate account
mostly from money received from the government Stimulus Fund Program.
I am not receiving money from anyone, including my family and assoc-
iates or do I own any interest in any realestate or personal property
that can be used to compensate counsel or to pay the cost of this
action.   I further submit pursuant to General Provision Article §
1-325 Filing Fees and Cost - Indigency, that Plaintiff has also

_____

Randall Martin

## AFFIDAVIT

I Plaintiff, (Randall Martin), in the foregoing Complaint for
Violation of Civil Rights, HEREBY CERTIFY, under the penalties of
perjury, that I have read the above Claim and that all the facts and
matters set forth therein are true and correct to the best of my
knowledge and belief.

_____

Randall Martin

-7-

Case No.: D-08-CV-22-031387

## CONCLUSION

THEREFORE, Plaintiff prays that this Honorable Court will honor and accept this Claim showing as sufficient to grant relief for the injustice served.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this __3 rd__ day of MARCH , 2023 a copy of this Complaint For Violation Of Civil Rights was mailed first-class postage prepaid to: Aaron L. Kelly, Assistant County Attorney at 400 Washington Avenue, Suite 219, Towson, MD 21204.

_____
Signature