IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDALL MARTIN,                               *

Plaintiff,                                    *

v                                             *            Civil Action No. SAG-23-616

BALTIMORE COUNTY POLICE                       *
DEPARTMENT, et al.,
                                              *
Defendants.                                   *
                                            ***

## MEMORANDUM OPINION

Randall Martin, a state inmate currently confined at Roxbury Correctional Institution, brings this civil action pursuant to 42 U.S.C. § 1983 against defendants Baltimore County Police Department; Thomas Thayer, Police Officer; H. Elbert, Detective; and Landsman, Police Officer. ECF No. 1.  Martin seeks monetary damages for Defendants' alleged deprivation of his rights.  *Id.*

Defendants have moved to dismiss the Complaint.  ECF No. 11.  The Court has informed Martin, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right to file a response in opposition to Defendants' Motion.  ECF No. 12.  After being granted an extension of time, Martin filed an opposition response.  ECF Nos. 16-17.  The Court has reviewed the pleadings and finds a hearing unnecessary.  *See* Loc. R. 105.6 (D. Md. 2023).  Defendants' Motion to Dismiss shall be granted.

### I.      Background

Martin alleges that on June 29, 2010, Baltimore County police officers responded to his residence regarding a fire that occurred in Baltimore City.  ECF No. 1 at 4.  Officers asked Martin to exit his home, and he declined.  *Id.*  Martin states that he was taken into custody hours later, and that while he was detained, officers Thayer, Elbert, and Landsman searched his home and seized

his property, including firearms, without a warrant. *Id*. Martin claims that these actions violated his rights under the First, Second, Fourth, and Fourteenth Amendments. *Id*. at 2-3. Specifically, he alleges that officers retaliated against him "for his way of verbally communication with the officers when ask to exit his home" in violation of his First Amendment rights. *Id*. at 2. Officers violated his Second Amendment rights when they "illegally confiscated" licensed firearms and related items. *Id*. They violated his Fourth Amendment rights when the searched his residence without a warrant. *Id*. at 3. And they violated his Fourteenth Amendment due process rights because their actions were "believed due to race." *Id*.

Martin filed suit in this Court on March 6, 2023, regarding the alleged violations of his rights on June 29, 2010.[1]

## II.    Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

---

[1] The Complaint's affidavit of service is dated March 3, 2023, but the Complaint itself was not docketed with the Court until March 6, 2023. ECF No. 1 at 8. The discrepancy is not material to the Court's analysis.

The Court is mindful that Martin is a self-represented litigant.  A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).  A Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

### III.    Analysis

Defendants raise several independent grounds for dismissal: 1) Martin's claims are barred by the statute of limitations; 2) Baltimore County Police Department is not a proper defendant under § 1983; and 3) Defendants are entitled to qualified immunity.  ECF No. 11-1 at 2.  The Court need not consider each independent ground for dismissal because all claims have been filed well beyond the applicable statute of limitations.

Martin's Complaint states claims of civil rights violations brought pursuant to 42 U.S.C. § 1983.  As section 1983 does not set forth a limitations period, the Court applies the period applicable to the most analogous state-law cause of action.  *Owens v. Balt. City State's Attorney's Office* 767 F.3d 379, 388 (4th Cir. 2014); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."); *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the

cause[.]").  Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise.  Md. Code Ann., Cts. & Jud. Proc. ("C.J.") § 5-101 (2020 Repl. Vol.).

"Limitations statutes . . . are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of time, and (3) serve society by promoting judicial economy."  *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665, 464 A.2d 1020, 1026 (1983).  In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit."  *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, when a cause of action has accrued is a federal question*.  Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, 588 U.S. 109, 115-116 (2019).  "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed."  *McDonough*, 588 U.S. at 115 (quoting *Manuel v. Joliet*, 580 U.S. 357, 370 (2017)).  A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim).  But accrual does not begin until the plaintiff has or should have ascertained "the critical facts that he has been hurt and who has inflicted the injury."  *Kubrick*, 444 U.S. at 122 (discussing discovery rule in the context of the

Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues . . . when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983).

The Complaint, viewed most favorably to Martin, avers that the search was conducted and the property seized on June 29, 2010. ECF No. 1. Martin does not state precisely when he learned of the allegedly illegal search and seizure, however he states that he was arrested on the same date as the search and seizure and that he was convicted and sentenced on February 1, 2013. *Id*. at 3-4. Furthermore, in response to Defendants' statute of limitations defense, Martin states that "[m]ultiple attempts were made by Petitioner during 2010 through 2012 to recover the property seized unlawfully from the residence." ECF No. 17 at 9. Martin's own statement makes clear that he was aware of the alleged illegal conduct as early as 2010, if not on the day of the search and his arrest. However, Martin did not pursue his claims until nearly thirteen years later, in March 2023. Accordingly, the claims must be dismissed as time barred.

A separate Order follows.


July 30, 2024                                    /s/
Date                                   Stephanie A. Gallagher
                                       United States District Judge